Brian H. Kim (State Bar No. 215492)
James P. Keenley (State Bar No. 253106)
Emily A. Bolt (State Bar No. 253109)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CHILDERS,<br><br>        Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Defendant. | Case No.: 3:17-cv-3821<br><br>**COMPLAINT (ERISA)** |

## INTRODUCTION

1. This case challenges Defendant Life Insurance Company of North America's ("LINA") improper and unreasonable termination of Plaintiff Julie Childers's claim for life insurance waiver of premium ("LWOP") benefits under the Collins Pine Company LLP Life Insurance Plan (the "Life Insurance Plan"). Plaintiff has been and remains disabled under the Life Insurance Plan and entitled to benefits under the Life Insurance Plan.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## PARTIES

4. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Life Insurance Plan.

5. At all relevant times, the Life Insurance Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Collins Pine Company. LINA was and remains the de facto co-plan administrator and claims fiduciary of the Life Insurance Plan.

6. At all relevant times, Plaintiff was employed by Collins Pine Company and as such was enrolled in the Life Insurance Plan, to wit: a group life insurance policy issued by LINA, Policy No. FLX 964431 (the "Life Insurance Policy"). As payor of benefits and the claims administrator of the Life Insurance Plan, LINA operates under a structural conflict of interest. *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 466 (9th Cir. 2006)(en banc) and *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

## FACTS

7.

8. At all relevant times under the Life Insurance Plan, Life Insurance Policy and California law, Plaintiff would be entitled to LWOP benefits provided that if Plaintiff (after a Waiver Waiting Period) was "Disabled," defined as unable to perform the duties of any occupation which she may reasonably become qualified based on education, training, or experience. The Waiver Waiting Period is defined in the Life Insurance Policy as 6 months from the date Plaintiff's Active Service ended.

9. While the Life Insurance Plan was in full force and effect, Plaintiff became disabled and unable to work as of November 14, 2013 due to disabling medical conditions, including but not limited to numerous co-morbid and disabling medical conditions and symptoms, including but not limited to scleroderma and other related autoimmune diseases, cognitive impairment (with a history of traumatic brain injury/encephalomalacia), severe thoracic spine scoliosis (confirmed through MRIs and graphically shown through x-rays [see Exhibits 5 & 14]), bilateral ulnar neuropathy, and GERD. Plaintiff applied for LWOP benefits under the Life Insurance Plan. Plaintiff remains disabled and entitled to ongoing LWOP benefits under the Life Insurance Plan and California law.

10. Defendant initially approved Plaintiff's claim for LWOP benefits, but on November 24, 2014, Defendant terminated Plaintiff's claim for LWOP benefits, despite the fact that Plaintiff continued to be disabled and entitled to said benefits on an ongoing basis.

11. On August 18, 2015, Plaintiff appealed Defendant's termination of LWOP benefits, providing comprehensive medical evidence substantiating her ongoing disability due to physical medical conditions and her ongoing entitlement to LWOP benefits under the Life Insurance Plan and California law.

12. Despite the comprehensive medical evidence substantiating her ongoing disability and ongoing entitlement to LWOP benefits, on March 24, 2016, Defendant denied her appeal.

13. On December 16, 2016, Ms. Childers submitted a second appeal of Defendant's termination of LWOP benefits, providing additional medical evidence substantiating her ongoing disability due to physical medical conditions and her ongoing entitlement to LWOP benefits

under the Life Insurance Plan and California law. Plaintiff also provided to Defendant a detailed decision from the Social Security Administration detailing that she was disabled from any gainful occupation.

14. Despite the comprehensive medical evidence substantiating her ongoing disability and ongoing entitlement to LWOP benefits, on June 6, 2017, Defendant denied her second appeal.

15. As a proximate result of Defendant's actions, Plaintiff has been damaged as set forth in paragraphs 16 through 18, below.

16. As a result of Defendant's actions, and each of them, Plaintiff has been improperly denied LWOP benefits, together with interest thereon, and has suffered further and severe economic hardship.

17. As a result of the actions of Defendant, and each of them, Plaintiff has suffered emotional distress and anxiety in an amount to be shown at trial.

18. As a further result of the actions of Defendant, Plaintiff has been forced to engage the services of legal counsel for the purposes of obtaining her insurance benefits.

**FIRST CLAIM FOR RELIEF**
**[Claim for Life Insurance Waiver of Premium Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]**

19. Plaintiff incorporates paragraphs 1 through 18 as through fully set forth herein.

20. ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or clarify her rights to future benefits under the terms of a plan.

21. At all relevant times, Plaintiff has been entitled to LWOP benefits under the Life Insurance Plan and Life Insurance Policy by virtue of being Disabled under the terms of the Life Insurance Plan and Life Insurance Policy. By denying Plaintiff's claim for LWOP benefits under the Life Insurance Plan and Life Insurance Policy and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Life Insurance Policy and Plaintiff's rights thereunder.

22. As a proximate result of Defendant's actions, Plaintiff has been deprived of her LWOP benefits to which she was and is entitled and has suffered damages as set forth above in paragraphs 16-18. Plaintiff further seeks a declaration as to her entitlement to future LWOP benefits, as follows: an injunction prohibiting Defendant from terminating or reducing her LWOP benefits until the end of the maximum benefit period as set forth in the Life Insurance Plan and Life Insurance Policy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Order Defendant to reinstate Plaintiff's right to receive the LWOP benefits under the Life Insurance Plan and the Life Insurance Policy, retroactive to Defendant's termination of LWOP benefits;

B. Declare Plaintiff's right to receive future LWOP benefits under the terms of the Life Insurance Plan and Life Insurance Policy;

C. Prohibit Defendant from terminating or reducing Plaintiff's LWOP benefits until the end of the maximum benefit period as set forth in the Life Insurance Plan and Life Insurance Policy;

D. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

E. Award prejudgment interest on all benefits owed under the terms of the Life Insurance Plan that have accrued prior to the judgment;

F. Provide such other relief as the Court deems equitable and just.

Dated: July 5, 2017                     Respectfully submitted,

BOLT KEENLEY KIM LLP


By: /s/ Brian H. Kim
    Brian H. Kim
    Attorneys for Plaintiff